UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER L. EDWARDS,**

      Plaintiff,

v.                                                                   Case No: 6:22-cv-1909-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

### ORDER

This cause comes before the Court on Defendant's Opposed Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Administrative Remedies and Response to Plaintiff's Motion for a Court-Appointed Medical Expert (Doc. 18), filed February 21, 2023. Plaintiff, who is proceeding *pro se* and is currently incarcerated, has not responded to the Motion to Dismiss, and the time to do so has expired. Upon consideration, the Motion to Dismiss is due to be granted.

### I.   BACKGROUND

Plaintiff, Christopher L. Edwards, instituted this action against the Commissioner of Social Security on October 17, 2022. (Doc. 1.) Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks court review of the "final decision of the commissioner of the Social Security Administration." (*Id.*) The Commissioner filed the instant Motion to Dismiss the Complaint, alleging that the Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and that Plaintiff failed to state

a claim pursuant to Rule 12(b)(6). (Doc. 18.) Plaintiff has neither responded to the Motion to Dismiss nor requested leave to file an amended complaint.

## II.   STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows for the dismissal of claims for lack of subject matter jurisdiction. Parties can either facially or factually attack the Court's subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Facial attacks are those that "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true . . . ." *Id.* (internal quotations marks omitted). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (internal quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint fails to properly "state a claim upon which relief can be granted." Claims must have certain elements in order to survive Rule 12(b)(6) challenges. Federal Rule of Civil Procedure 8(a) requires a pleading to contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). All complaints must state a plausible claim for relief. *Bell Atl. Corp.*

- 2 -

*v. Twombly*, 550 U.S. 544, 556 (2007).

### III.  DISCUSSION

Defendant argues that Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), as Plaintiff has not received a "final decision" as required by 42 U.S.C. § 405(g). (Doc. 18 at 1.) Title 42, United States Code, Section 405(g) allows individuals to pursue judicial review of the Commissioner of Social Security's final decision. It states, in relevant part, as follows:

> Any individual, **after any final decision of the Commissioner of Social Security**, **made after a hearing** to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides. . . .

42 U.S.C. § 405(g) (2020) (emphasis added). In other words, a district court has subject matter jurisdiction only when a plaintiff timely seeks judicial review of a final decision issued by the Commissioner. *Id.*; *see also Califano v. Sanders*, 430 U.S. 99, 108 (1977) ("This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" (quoting an earlier version of § 405(g))).

The meaning of the term "final decision" is defined by the Commissioner's regulations. *See Sims v. Apfel*, 530 U.S. 103, 106 (2000). The regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially

reviewable final decision. 20 C.F.R. § 416.1400(a). The administrative review process generally consists of an initial determination, a reconsideration determination, a hearing decision by an Administrative Law Judge ("ALJ"), and a request for Appeals Council review of an ALJ decision. See 20 C.F.R. § 416.1400(a)(1)–(5). A claimant may obtain a final decision only by completing the administrative appeals process and receiving either: (1) a decision by the Appeals Council; or (2) notice from the Appeals Council that it is denying a request for review. See 20 C.F.R. §§ 416.1481, 422.210(a).

Plaintiff indicates that he seeks judicial review of his denial of disability benefits. (*See* Doc. 1.) However, Plaintiff has failed to allege or provide any evidence that a final decision was issued in his case. (*See generally id*.) Additionally, Defendant submitted the Declaration of Shaun Bass, a Program Expert in the Center for Disability and Program Support of the Social Security Administration. (Doc. 19.) Mr. Bass avers that Agency records show Plaintiff filed an SSI disability application on November 16, 2020. (Docs. 19 ¶ 4; 19-1.) In a notice dated June 18, 2021, the Agency informed Plaintiff that he did not qualify for SSI payments because he was found not disabled. (Docs. 19 ¶ 5; 19-2.) The notice informed Plaintiff that if he disagreed with this decision, he could appeal, and that he had 60 days to ask for an appeal in writing. (*Id.*) As of February 14, 2023, Plaintiff never appealed the June 2021 denial of his SSI application. (Doc. 19 ¶ 6.) Since only a final decision by the Commissioner can establish subject matter jurisdiction pursuant to § 405(g), the Court cannot proceed to adjudicate the case at this time. *Sutton v. Comm'r of Soc. Sec.*, No. 6:20-cv-190-Orl-18EJK, 2020 WL 4905391, at *2–3 (M.D. Fla. July 27, 2020), *report and*

*recommendation adopted,* 2020 WL 4904644 (M.D. Fla. Aug. 20, 2020).

## IV.   CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendant's Opposed Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Administrative Remedies is **GRANTED**.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

3. All pending motions are **DENIED AS MOOT**.

4. The Clerk is **DIRECTED** to close the case.

**DONE** and **ORDERED** in Orlando, Florida on May 10, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE